CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
JAMES S. THREATT (Bar No. 325317)
(E-Mail: Jimmy_Threatt@fd.org)
JAKE CRAMMER (Bar No. 329927)
(E-Mail: Jake_Crammer@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
TRACY BELL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>TRACY BELL,<br><br>  Defendant. | Case No. 11-CR-00383-PA<br><br>**UNOPPOSED EX PARTE APPLICATION FOR APPOINTMENT OF CJA COUNSEL** |

Defendant Tracy Bell, through counsel of record, Deputy Federal Public Defenders James S. Threatt and Jake Crammer, hereby applies *ex parte* for an order appointing counsel to represent defense witness Tramesha Reese.

///

///

///

///

///

1

This application is based on the attached memorandum of points and authorities, the files and records in this case, and any additional evidence and argument that may be presented to the Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 2, 2023          By  /s/ *James S. Threatt*

James S. Threatt
Deputy Federal Public Defender
Attorney for Tracy Bell

# MEMORANDUM OF POINTS AND AUTHORITIES
## I. INTRODUCTION

At the hearing on September 28, 2023, defense counsel informed the Court that they intended to call Tramesha Reese, Tracy Bell's wife, as a witness. Ms. Reese had agreed to testify voluntarily. (Declaration of Jake Crammer ¶ 2.) She is a percipient witness to the events underlying the two Grade B allegations contained in the petition to revoke Mr. Bell's term of supervised release. She and Mr. Bell are also co-defendants in a related state prosecution in which Ms. Reese is charged with felony assault and felony grand theft. Those charges remain pending. (*Id.* ¶ 4.)

Defense counsel encouraged Ms. Reese to consult with her court-appointed lawyer in the state prosecution about providing testimony in this matter. (*Id.*) When Ms. Reese appeared at the September 28 hearing without counsel, the Court expressed its belief that Ms. Reese should have her own lawyer present in court before providing any testimony. Ms. Reese's court-appointed lawyer in the state prosecution has declined to appear in this matter. (*Id.* ¶ 3.) Given the above, and consistent with the Court's directive, defense counsel now seeks appointment of CJA counsel for Ms. Reese.

## II. ARGUMENT

**A.   The Court Should Appoint Counsel for Ms. Reese.**

The Criminal Justice Act, 18 U.S.C. § 3006A, requires district courts to operate "a plan for furnishing representation for any person who is financially unable to obtain adequate representation" in accordance with specified circumstances. 18 U.S.C. § 3006A(a). Among the circumstances in which the Criminal Justice Act mandates the appointment of counsel for financially eligible persons are when the person "is charged with a felony or a Class A misdemeanor" or when the person "faces loss of liberty in a case, and Federal law requires the appointment of counsel." 18 U.S.C. § 3006A.

3

Here, Ms. Reese is a co-defendant in a related state prosecution. The allegations in the supervised release petition against Mr. Bell are based on state charges of domestic violence and grand theft; the felony state charges against Ms. Reese are that she also committed assault and grand theft during the same series of events and against the same victim. Defense counsel intends to question Ms. Reese about the respective roles played by herself and Mr. Bell in the altercation with the victim. Counsel for the government will also presumably cross-examine Ms. Reese. If Ms. Reese acknowledges any role either in inflicting injuries to the victim and/or allegedly stealing from the victim, those statements would be incriminating as to the pending state felony charges. Therefore, Ms. Reese's responses to direct or cross-examination questions may subject her to a potential loss of liberty.

### III. CONCLUSION

For the foregoing reasons, Mr. Bell respectfully requests that the Court appoint counsel for Ms. Reese.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: October 2, 2023

By  /s/ *James S. Threatt*
James S. Threatt
Deputy Federal Public Defender
Attorney for Tracy Bell

## DECLARATION OF JAKE CRAMMER

I, Jake Crammer, declare:

1. I am an attorney with the Office of the Federal Public Defender for the Central District of California. I am licensed to practice law in the State of California and I am admitted to practice in this Court. I am appointed to represent Tracy Bell in the above-captioned matter.

2. In the days before the September 28, 2023 hearing, Tramesha Reese agreed to testify as a defense witness. I explained to Ms. Reese that my office did not represent her and that she should consult with her court-appointed lawyer in the state prosecution about providing testimony in this matter.

3. On September 29, 2023, after the Court expressed its concern about Ms. Reese testifying without counsel present, I spoke with her court-appointed lawyer in the state prosecution, Parag Shah. Mr. Shah informed me that he would not make an appearance in this matter.

4. As of October 2, 2023, the charges against both Ms. Reese and Mr. Bell in the related state prosecution remain pending.

5. On October 2, 2023, Assistant United States Attorney Alexandra Kelly informed me that the government does not oppose this *ex parte* request.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 2, 2023, at Los Angeles, California.

/s/ Jake Crammer
Jake Crammer